**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IDELMIS LEYVA DOMINGUEZ,

        Petitioner,

v.                                                                  Case No. 3:26-cv-197-WWB-MCR

WARDEN, BAKER CORRECTIONAL
INSTITUTION, et al.,

        Respondents.
_____

## ORDER

Petitioner, a native and citizen of Cuba, initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at the Baker County Detention Center.  (*Id.*).  According to the Executive Office for Immigration Review's ("**EOIR**") website, Petitioner's removal order became final on July 2, 2004.  *See* EOIR, Automated Case Information, available at www.acis.eoir.justice.gov (last visited Feb. 20, 2026).  Petitioner contends that ICE detained him on October 25, 2025, to execute his removal.  (Doc. 1 at 1–2).  He asserts that he is still in ICE custody, and his prolonged detention violates his due process rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (*See generally id.*).  As relief, Petitioner requests that the Court order his immediate release and or an individualized bond hearing.  (*Id.* at 2).

In *Zadvydas*, 533 U.S. at 690, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns.  Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time.  *Id.* at 701.  The

Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation.  *Id.*  "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing.  *Id.* (quoting *Zadvydas*, 533 U.S. at 701).  Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Akinwale*, 287 F.3d at 1052.

Here, ICE took Petitioner into custody on October 25, 2025.  At the time Petitioner filed the Petition, on January 26, 2026, he had been in ICE custody for 93 days (excluding the date on which the Petition was filed).  Although the six-month period will soon expire, the "six-month period . . . must have expired at the time [Petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*."  *Akinwale*, 287 F.3d at 1052; *see, e.g.*, *Enwonwu v. Joyce*, No. 6:25-CV-0232, 2025 WL 2112712, at *3 (W.D. La. May 14, 2025) (finding a petition premature when it was filed "prior to the expiration of the presumptively reasonable six-month period of post-removal order detention"); *H.N. v. Warden, Stewart Det. Ctr.*, No. 7:21-CV-59, 2021 WL 4203232, at *3 n.5 (M.D. Ga. Sept. 15, 2021) ("Even if [the p]etitioner was now past the six-month removal period, his petition would still be subject to dismissal because it had not run—or even commenced—at the time he filed

his petition."); *but see Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 398 (D.N.J. 2025) (rejecting the government's "argument that *Zadvydas* precludes [the p]etitioner from challenging his detention prior to the six-month mark").  Thus, any claim under *Zadvydas* is not yet ripe and is dismissed without prejudice as premature.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability.[1]  Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, on February 20, 2026.

---

[1] The court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Upon consideration of the record as a whole, this Court denies a certificate of appealability.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:      Idelmis Leyva Dominguez, #073233015

4